16-1565 (L)
*United States v. Catul*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                 DENNIS JACOBS,
                 PIERRE N. LEVAL,
                         *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

                 v.                                                     No. 16-1565(L)
                                                                        No. 16-1578(CON)

JEAN CLAUDE CATUL,

                         *Defendant-Appellant*.

_____

For Defendant-Appellant:        Colleen P. Cassidy, Federal Defenders of New York, Inc.,
                                           New York, NY.

For Appellee:                        Jo Ann M. Navickas and Mark E. Misorek, Assistant United
                                           States Attorneys, Of Counsel, *for* Bridget M. Rohde, Acting
                                           United States Attorney for the Eastern District of New York,
                                           Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-Appellant Jean Claude Catul appeals from two final judgments entered by the district court (Irizarry, *J.*) on May 16, 2016, the first sentencing him principally to 72 months' imprisonment for wire fraud and aggravated identity theft, and the second sentencing him to 36 months' imprisonment to run consecutively for a violation of supervised release. In sum, the district court sentenced Catul to 108 months' imprisonment, a term of imprisonment 42 months above the top of Catul's combined Guidelines ranges. Catul challenges his above-Guidelines sentence as procedurally and substantively unreasonable, contending that the district court erred by imposing an above-Guidelines sentence solely on the basis of Catul's criminal history when that criminal history was already accounted for in Catul's Guidelines ranges. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

Catul's appeal is based on a mistaken premise. The district court did not base its variance from the Guidelines solely on Catul's criminal history. Rather, the district court justified its above-Guidelines sentence by reference to the need to deter the defendant and to protect the public from him, as well as to the fact that Catul had exhibited violent tendencies and had received lenient sentences for prior convictions.

Moreover, we have never held that a district court cannot impose an above-Guidelines sentence on the basis of recidivism. Such a rule would be inconsistent with federal sentencing law in the wake of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, under which it is "emphatically clear that the Guidelines are guidelines — that is, they are truly advisory." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). While "[t]he Guidelines provide the 'starting point and the initial benchmark' for sentencing," district courts must conduct their "own independent review of the sentencing factors" set forth in 18 U.S.C. § 3553(a) and are "generally free to impose sentences outside the recommended range." *Id.* (quoting *Gall*, 552 U.S. at 49). Indeed, "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *Id.* at 188.

The district court did not exceed that latitude or otherwise err here. It acted within its discretion in imposing an above-Guidelines sentence for the reasons it explained.

We have considered all of the defendant's arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3